POLEN, J.,
concurring specially.
I agree with the majority opinion, and write separately to address some additional aspects of the restitution sought in this case, to assist the trial court on remand.
First, by our reversal of the restitution award, we do not suggest that the amount arrived at was either too high or too low— only that the method by which the trial court determined the amount was improper.
Second, I would submit that since much of the victim’s claimed losses were gold and silver jewelry, the trial court might well take judicial notice, upon request, of the significant rise in the prices of gold and silver over the past decade.
Third, despite a number of cases which seem to make it more difficult for a victim to prove the “fair market value” of their stolen property (i.e., objections of hearsay as to sources of information as to value, absence of receipts for items bought years earlier), I believe the goal of the criminal justice system should be to strive to allow full compensation to victims — not to make them victims twice.
Finally, the trial court never specified in its restitution award whether or not it found credible the victim’s testimony that there was twenty thousand dollars in cash in the stolen safe. If it did, I believe restitution for that amount should be dollar for dollar. Either way, such a finding may assist the trial court in making its overall award, and would assist this court if the matter is again appealed.